# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DENNIS LEE ANDREWS**                                                              **MOVANT**

**V.**                                                                    **NO. 2:11CR46-MPM**

**UNITED STATES OF AMERICA**                                                    **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Dennis Lee Andrews, federal prisoner number 14900-042, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the motion. Having considered the pleadings and the record, including the relevant parts of Andrews's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the motion should be denied.

### Background Facts and Procedural History

In February 2011, Dennis Lee Andrews, along with Athena Marie Byrd and Patrick Hollowell, decided to attempt to extort money from Oliver Eugene Anderson by pretending to take his girlfriend, Athena Marie Byrd, hostage and threatening to harm her unless Anderson provided them with money. The conspirators went to Anderson's home and held him at gunpoint, demanding money. Eventually, Andrews and Byrd forced Anderson to travel to a casino in Coahoma County, Mississippi, to cash a $2,000 check that Hollowell and Andrews

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

forced him to write. While at the casino, Anderson drew attention to himself, causing Lee and Byrd to flee. Andrews, Byrd, and Hollowell were subsequently apprehended.

Andrews, along with his conspirators, was indicted in a three-count indictment for conspiracy to kidnap for ransom, kidnapping, and carrying and brandishing firearms during a crime of violence. Andrews pleaded guilty to kidnaping in interstate commerce for ransom (Count Two) and using, carrying, or brandishing a handgun during the course of a kidnaping (Count Three) and was sentenced to 264 months in the custody of the United States Bureau of Prisons.[2] Andrews appealed, arguing that the district court erred in enhancing his offense level for making a ransom demand, as the money was owed to Andrews. The Fifth Circuit affirmed, holding that Andrews' claim lacked factual support. *United States v. Andrews*, 503 F. App'x 257, 258, 2012 WL 6634319, at *1 (5th Cir. Dec. 18, 2012), *cert. denied*, *Andrews v. United States*, 133 S. Ct. 1846 (2013). On or about April 14, 2014, Andrews, with the assistance of counsel, filed the instant § 2255 motion, maintaining that the Court erred in applying a six-point ransom demand enhancement in his case.

## Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the

---

[2] Andrews received a sentence of 182 months for Count Two and 84 months for Count Three.

Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Discussion

In the instant motion, Andrews maintains that the six-point ransom demand enhancement provision of Sentencing Guideline § 2A4.1(b)(1) was applied in error in his case. Citing *United States v. Reynolds*, 714 F.3d 1039 (7th Cir. 2013), he argues that the Court of Appeals for the Seventh Circuit there found that the enhancement did not apply unless there was evidence that a ransom was demanded from a third party. He claims that there was no third-party demand in this case, as the defendants demanded money from Anderson, the kidnaping victim. Andrews maintains that, even though he did not raise this issue on direct appeal, the claim is not barred, as the *Reynolds* decision, the only reported appellate case law on this issue, was unavailable at the time of his direct appeal.

First, the Court finds that Andrews pleaded guilty to conspiracy to kidnap in interstate commerce for ransom, which supports the application of the six-point enhancement in § 2A4.1(b)(1). Moreover, even though *Reynolds* was not decided at the time of Andrews' direct appeal, he did argue against the application of the ransom enhancement. On direct appeal, the Fifth Circuit held that "[b]ecause Andrews demanded $2,000 from Anderson in exchange for

Anderson's and Byrd's release, the District Court's determination that Andrews made a ransom demand is plausible in light of the record as a whole." *Andrews*, 503 F. App'x at 258.

Additionally, the Court notes that United States Sentencing Guideline § 2A4.1(b)(1) provides that a six-point enhancement applies if, during the commission of the crime, "a ransom demand. . . was made." U.S.S.G. § 2A4.1(b)(1). As the Fifth Circuit has noted, "[t]he language is written generally, applying any time a kidnapper demands a ransom, regardless of who is held." *United States v. Pantoja-Rosales*, 494 F. App'x 453, 2012 WL 4788657 (5th Cir. Oct. 9, 2012).

Accordingly, the Court finds that no grounds exist to grant the requested relief, and the instant § 2255 motion is denied.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Andrews has not made such a showing, and a COA will not issue in this case.

## Conclusion

Andrews is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence [ECF No. 103] is **DENIED**. A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 2nd day of October, 2014.

/s/ Michael P. Mills
MICHAEL P. MILLS
U.S. DISTRICT JUDGE