IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA

v.                                                            No. 2:11-CR-00046-MPM-DAS

DENNIS LEE ANDREWS                                      DEFENDANT

## ORDER

Presently before the Court is Defendant Dennis Lee Andrews' Pro Se Motion to Reduce Sentence for Compassionate Release [224]. The Government opposes the requested relief. This Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

### RELEVANT BACKGROUND

Dennis Lee Andrews pled guilty to (1) kidnapping and (2) possession of a firearm in relation to a crime of violence. These charges arose from the planning and executing of a scheme jointly devised by Mr. Andrews, Athena Marie Byrd, and Patrick Hollowell (collectively, "co-defendants") to demand and extort money from Ms. Byrd's boyfriend, Oliver Eugene Anderson. As part of the scheme, Mr. Andrews and Mr. Hollowell pretended to kidnap Ms. Byrd and threatened to physically harm her unless Mr. Anderson gave them money, all while holding Mr. Anderson at gunpoint.

After demanding that Mr. Anderson write them a $2,000 check, Mr. Andrews and his co-defendants, armed with pistols, kidnapped Mr. Anderson and took him across state lines from Arkansas to Mississippi to cash the check at the Isle of Capri Casino in Coahoma County, Mississippi. Once inside the casino, Mr. Anderson made a scene causing the trio to abandon their

captive and flee. They were found and arrested not long after. On March 23, 2011, a grand jury indicted Mr. Andrews and his codefendants. On September 1, 2011, Mr. Andrews pled guilty to kidnapping and possession of a firearm in relation to a crime of violence.

Mr. Andrews has a Criminal History Category of IV with a total offense level of 37. As a result, Mr. Andrews' sentencing guideline range is 235 to 293 months on Count 2 of kidnapping. On December 29, 2011, this Court sentenced Mr. Andrews for a term of 264 months—180 months for kidnapping and 84 months for possession of a firearm in relation to a crime of violence to be served consecutively.

In light of *United States v. Davis*, a resentencing hearing was held on the basis that kidnapping no longer satisfies the crime of violence definition under 18 U.S.C. § 924(c). *See United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Carreon*, 803 F. App'x 790, 791 (5th Cir. 2020), *as revised* (May 8, 2020) (government concession that kidnapping no longer fits definition of crime of violence). On September 23, 2021, this Court resentenced Mr. Andrews for a total term of 233 months, with all other provisions of his original term to remain in place. His current anticipated release date is October 15, 2027.

Mr. Andrews has both an extensive and egregious criminal history. This includes convictions of theft by deception, criminal trespass, and possession of a controlled substance and drug paraphernalia. In 2004, Mr. Andrews was convicted of sexual abuse in the 4th degree for having sexual relations with a fifteen-year-old girl. In 2008, Mr. Andrews was convicted of domestic battery for striking the victim with his fist and a metal flashlight in complete disregard for her pregnant condition. Mr. Andrews restricted the victim's movements, urinated on her, and intended to expose her to the outside elements in an attempt to kill the fetus she was carrying.

In 2010, Mr. Andrews was charged with commercial burglary, breaking and entering, theft of property, and aggravated assault. While under court supervision, Mr. Andrews committed the kidnapping at issue. Mr. Andrews also conducted various violations of Bureau of Prisons ("BOP") regulations, including giving/accepting money without authorization, failing to stand for count, twice refusing work program assignment, possessing an unauthorized item, and smoking in an unauthorized area.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a previously imposed term of imprisonment if it finds that (1) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] (30) days from the receipt of such a request by the warden of the defendant's facility," (2) "extraordinary and compelling reasons warrant such a reduction," and (3) "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the court must take into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*

Mr. Andrews argues that under the First Step Act of 2018, he meets the extraordinary and compelling circumstances requirement for the Court to grant him compassionate release. Therefore, Mr. Andrews believes his sentence should be reduced to time served with an appropriate amount of home confinement.

**DISCUSSION**

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(b). The statutory framework for modifying a final judgment is outlined in 18 U.S.C. § 3582. Section 3582(c)(1)(A)(i) of Title 18

3

of the United States Code permits the Court to modify a term of imprisonment once it has been imposed if it finds that "extraordinary and compelling reasons warrant such a reduction," and so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). United States Sentencing Guidelines (U.S.S.G.) section 1B1.13, the applicable policy statement, states that the court has the discretion to "reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(a)(1)(A).

Section 1B1.13(b) of the U.S.S.G. sets forth the criteria for determining what qualifies as "extraordinary and compelling reasons." These include medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, whether the defendant was a victim of abuse, other reasons, and an unusually long sentence. U.S.S.G. § 1B1.13(b). Regarding the family circumstances of the defendant, this section states that the "death or incapacitation of the caregiver of the defendant's minor child" is a "extraordinary and compelling reason" to warrant reduction. USSG § 1B1.13(b)(3). The policy statement in U.S.S.G § 1B1.13 may guide a court's discretion, but it is not a binding constraint when considering compassionate release. *United States v. Cooper*, 996 F.3d 283 (5th Cir. 2021).

In his motion, Mr. Andrews argues that the death of the mother of his minor children, leaving no viable long-term option for their care and no other possible caregiver, qualifies as an extraordinary and compelling reason to justify his compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mr. Andrews claims that the current caregiver of the minor children, Lydia Andrews, is no longer able to provide them care due to her age and health issues. Additionally, Mr. Andrews states that there are no other viable candidates to care for the minor children—including

4

Mr. Andrews' natural father and mother. While this qualifies as an extraordinary and compelling reason that may warrant compassionate release, several statutory factors under 18 U.S.C. § 3553(a) must also be considered. This includes Mr. Andrews' criminal history and characteristics and "the nature and circumstances of the conviction," along with the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public [from further crimes of the defendant]." *United States v. Ochoa*, 521 F. App'x 328, 331 (5th Cir. 2013); *See also* 18 U.S.C § 3553(a).

The First Step Act grants district courts broad discretion in deciding whether to reduce a sentence. "Eligibility for resentencing under the Act does not equate to entitlement to a sentence reduction." *United States v. Lyons*, 25 F.4th 342, 347 (5th Cir. 2022). Therefore, although Mr. Andrews' situation would likely qualify as an extraordinary and compelling reason, this does not automatically entitle him to a compassionate release. "[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Not only has Mr. Andrews repeatedly committed serious crimes before being convicted of the present crime, but Mr. Andrews also committed the kidnapping and holding of Mr. Anderson for ransom while under court supervision. This shows that Mr. Andrews has not been deterred from committing future crimes and poses a danger to the public if released even under court supervision. At the time of commission, it appears Mr. Andrews had no regard for the court system or for being a law-abiding citizen. Furthermore, Mr. Andrews, has also committed several minor violations of BOP regulations while in custody.

Mr. Andrews does, however, have notable post-offense rehabilitation. Since his incarceration in 2012, Mr. Andrews has participated in more than fifty (50) classes and programs. This progress is commendable; however, this was previously taken into account and rewarded in his resentencing hearing. Additionally, pursuant to both U.S.S.G. § 1B1.13(d) and 28 U.S.C. § 994(t), the rehabilitation of a defendant alone cannot constitute an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t). Mr. Andrews has already received the privilege of having a sentence reduction from 264 months to 233 months following the Fifth Circuit finding that federal kidnapping is not a crime of violence in *United States v. Carreon*, 803 F. App'x at 791. Mr. Andrews' § 924(c) charges were vacated, and he was only charged with kidnapping.

Furthermore, Mr. Andrews' sentence needs to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. It goes without argument that the nature of this offense is serious. However, as previously mentioned, Mr. Andrews was afforded a sentence reduction that properly took into account the change in the law, as well as Mr. Andrews' rehabilitation. Therefore, further reduction of his sentence would no longer reflect the seriousness of Mr. Andrews' offense or provide just punishment. Mr. Andrews' criminal history, including domestic battery and aggravated assault, the severity of the circumstances surrounding the kidnapping, and the commission of the kidnapping while under court supervision, highlights the conclusion that Mr. Andrews has clearly disregarded all respect for the law. This raises concerns for Mr. Andrews' ability to set a positive example for his minor children and grandchild, as well as his ability to be a law-abiding member of society if released.

Lastly, Mr. Andrews' sentence needs to afford adequate deterrence to criminal conduct, and to protect the public from further crimes. Mr. Andrews' lengthy and egregious criminal history

shows a lack of adequate deterrence due to its repetitive nature and Mr. Andrews' blatant disregard of court supervision when he committed the current offense. This provides a strong indication that Mr. Andrews has a high likelihood of reoffending. Before now, Mr. Andrews has managed to get off with minimum to no punishment for the heinous crimes he had committed. Due to Mr. Andrews' criminal record, it is important that he finish his imposed sentence to protect the public from the commission of further crimes. Additionally, requiring Mr. Andrews to serve the remainder of his sentence does "provide just punishment for the offense" and "adequate deterrence to criminal conduct."

While the death of the mother of Mr. Andrews' minor children, leaving no viable long-term option for their care, does qualify as an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b), Mr. Andrews has been incarcerated and thus not present to care for the children for the past thirteen (13) years. Additionally, Mr. Andrews has demonstrated an inability to conduct himself without committing crimes whether incarcerated, under court supervision, or not. After considering the 18 U.S.C. § 3553(a) factors, the Court finds that reducing Mr. Andrews' sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is inappropriate.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant Dennis Lee Andrews' Pro Se Motion to Reduce Sentence for Compassionate Release [224] is **DENIED**.

**SO ORDERED**, this 29th day of May 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI